IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) Civil Action No.: 11 C 4959 |
| v. | ) (08 CR 904) |
| JAMES M. TIBOR, | ) ) Suzanne B. Conlon, Judge |
| Defendant. | ) ) ) ) |

## MEMORANDUM OPINION AND ORDER

James Tibor was charged with four counts of wire fraud, 18 U.S.C. § 1343, and one count of mail fraud, 18 U.S.C. § 1341, in a fraudulent scheme to sell the rights to collect debts and civil judgments. He pleaded guilty to Count One, pertaining to victim KM. In the plea agreement and at the change-of-plea hearing, Tibor admitted exchanging emails with victim KM in an (ultimately unsuccessful) attempt to sell KM the right to collect approximately $4 million of nonexistent debts for a price of $50,000. Tibor also admitted to the conduct underlying dismissed Counts Two through Four: attempting to sell another fraudulent judgment to victim MT for more than $1.8 million and successfully defrauding victim SC of $16,500 and victim AS of $90,000. Tibor was sentenced to 77 months' imprisonment. He appealed, but his appointed attorney concluded an appeal would be frivolous and moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). The Seventh Circuit granted the motion and dismissed the appeal. *United States v. Tibor*, 397 F. App'x 242 (7th Cir. 2010). Tibor now moves under 28 U.S.C. § 2255 to vacate his sentence. He argues he received ineffective assistance of counsel, causing him to enter an involuntary plea even though he is factually innocent of the charges.

Relief is available if the sentence was imposed in violation of the federal constitution. 28 U.S.C. § 2255(a). A claim of ineffective assistance of counsel requires Tibor to show his attorney's performance fell below an objective standard of reasonableness and the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Many of Tibor's assertions on collateral review directly contradict his sworn statements during the plea colloquy. He now claims his attorney told him that if he pleaded guilty, his federal sentence would run concurrently to the state sentence he was serving for an unrelated forgery conviction and his sentence would be based on the actual loss of $106,500, not the $1.9 million intended loss. Tibor signed a plea agreement that expressly advised that his sentence "may be imposed to run either concurrently, partially concurrently, or consecutively" to the state sentence, and provided that the intended loss fell between $1 million and $2.5 million. Tibor stated under oath at the plea hearing that no other promises were made.

Tibor asserts now that he is factually innocent of the charges relating to MT. Although MT expressed interest in buying the judgment Tibor advertised for sale, he contends he decided not to sell the judgment and never agreed to a $1.8 million purchase price. Tibor's representations are contrary to the facts detailed in the plea agreement and the factual basis proffered by the government during the plea hearing. Under oath, Tibor agreed with the government's summary of evidence, with the exception of the number of online advertisements he placed. Otherwise, he admitted the factual basis was true, including the details regarding the attempted sale to MT.

The statements Tibor made under oath at the change-of-plea hearing may be treated as conclusive. *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). "[A] motion that can

succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005). To explain the contradiction, Tibor asserts that his plea was coerced. He contends an associate of victim AS threatened to harm him and his family if he went to trial because AS did not want to participate in a trial and have his background scrutinized. A believable claim that the plea was coerced could account for lying at the plea hearing. *Stewart*, 198 F.3d at 986–87. However, Tibor's claim is contradicted by his sworn statements at the plea hearing. When the court asked him whether anyone forced him to plead guilty, Tibor disclosed the threats he and a family member received. The court engaged in a thorough exchange with Tibor to ensure he was not pleading guilty because of the threats:

> THE COURT: Okay. You understand that that should not weigh into your calculation to plead guilty.
>
> DEFENDANT TIBOR: I understand. I just –
>
> THE COURT: You're in federal custody. You will be protected.
>
> DEFENDANT TIBOR: I understand. It's something I had to honestly answer the question.
>
> THE COURT: Right.
>
> Does that knowledge of that threat in any way impact your decision to plead guilty?
>
> DEFENDANT TIBOR: I'm going to have to say no.
>
> THE COURT: You don't have to say no. You need to calculate if that's weighing because you have a right to proceed to trial, and you can proceed to trial. You need to know that.
>
> DEFENDANT TIBOR: I'm – no, I'm going to say no, your Honor.
>
> THE COURT: Okay. . . .

Tibor twists this exchange to argue the court coerced him into pleading guilty by promising protection if in custody, but leaving him unprotected if he were acquitted and released. Tibor's argument is not persuasive. The existence of the threat does not preclude Tibor from independently and voluntarily deciding to plead guilty, just as he stated under oath. Nor was Tibor's attorney ineffective for allegedly not investigating the threat further. Tibor does not explain what further information his attorney would have discovered or how that would have affected his case. *See Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004) (§ 2255 movant must establish what further investigation would have revealed).

Tibor argues his attorney was ineffective for not alerting the court at the plea colloquy that it had not advised Tibor he had the right to be represented by appointed counsel if necessary or that he had a right to testify at trial. *See* FED. R. CRIM. P. 11(b)(1)(D), (E). However, this issue was considered on direct appeal, and the Seventh Circuit held it would be frivolous to challenge the plea on this basis because the court substantially complied with Rule 11. *Tibor*, 397 F. App'x at 244–45. The law of the case doctrine precludes Tibor from raising the claim now. *White v. United States*, 371 F.3d 900, 902–03 (7th Cir. 2004).

The analysis above forecloses Tibor's claim that his attorney was ineffective for disregarding his instructions to withdraw his plea because he cannot show prejudice. Tibor must establish a reasonable probability that the court would have allowed him to withdraw his guilty plea. *Ward v Jenkins*, 613 F.3d 692, 699 (7th Cir. 2010). An assertion of innocence, without additional credible evidence, is an insufficient basis to withdraw a guilty plea after a thorough plea colloquy. *United States v. Chavers*, 515 F.3d 722, 724–25 (7th Cir. 2008). Similarly, Tibor's current statements contradicting his earlier sworn statements that the threats did not

4

induce him to plead guilty do not establish a reasonable probability that he would have been allowed to withdraw his guilty plea.

Finally, Tibor argues his attorney was ineffective for not objecting to inaccurate information in the Probation Office's presentence investigation report. Tibor has a due process right to be sentenced based on accurate information. *United States v. Hankton*, 432 F.3d 779, 790 (7th Cir. 2005). The main contentions Tibor has with the PSR concern the attempted $1.8 million transaction with victim MT. As discussed above, Tibor admitted this conduct under oath and presents insufficient reasons to disregard his sworn statements. Assuming the remaining points are inaccurate for purposes of this motion, Tibor has not demonstrated the court relied on them at sentencing. *Promotor v. Pollard*, 628 F.3d 878, 888 (7th Cir. 2010) ("A sentencing court demonstrates actual reliance on misinformation when the court gives explicit attention to it, founds its sentence at least in part on it, or gives specific consideration to the misinformation before imposing sentence" (internal quotation marks omitted)).

The court declines to issue a certificate of appealability. Reasonable jurists would not debate the resolution of the issues Tibor raises. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

ENTER:

Suzanne B. Conlon
United States District Judge

December 23, 2011